**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEON L. MEYERS, | No. 08-16020 |
| Plaintiff - Appellant, | D.C. No. 3:07-CV-04457-THE |
| v. | |
| JOHN H. BROOMS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Thelton E. Henderson, Senior District Judge, Presiding

Submitted April 20, 2011[**]

Before:   RYMER, THOMAS and PAEZ, Circuit Judges.

Leon Meyers appeals pro se from the district court's dismissal of his 42

U.S.C. § 1983 action alleging that his stepfather, John Brooms,  made false legal

claims of elder abuse against him, misappropriated his social security income,

unlawfully obtained a mortgage of the house which was owned by Meyers'

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

deceased mother while it was still in probate, and unlawfully evicted Meyers from the house. The district court properly dismissed Meyers' § 1983 claims against defendants Brooms, Alliance Title Reverse Mortgage and Brooms' attorneys because they did not act under color of state law. *See Price v. State of Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) (private parties do not generally act under color of state law for § 1983 purposes); *Polk County v. Dodson*, 454 U.S. 312, 318 n. 7, 102 S. Ct. 445 (1981) (noting that a private attorney, even one appointed by the court, does not act under the color of state law for purposes of 42 U.S.C. § 1983 when performing the traditional role of an attorney).

**AFFIRMED.**